Timothy M. Ryan, Bar No. 178059
tryan@theryanfirm.com
Scott E. Meininger, Bar No. 280518
smeininger @theryanfirm.com
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Defendant Seterus, Inc., erroneously sued as Seterus, Inc. formerly known as IBM Lender Business Process Services, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION

| | |
|---|---|
| DAVID OROZCO and EMILY CASTILLO, <br><br>   Plaintiffs, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; SETERUS, INC. formerly known as IBM LENDER BUSINESS PROCESS SERVICES, INC., <br><br>   Defendants. | CASE NO.:  2:12-CV-00955-MCE-KJN <br> Date Action Filed:  April 12, 2012 <br><br> Honorable Morrison C. England, Jr., Judge <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS DAVID OROZCO AND EMILY CASTILLO'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE:  June 28, 2012 <br> TIME:  2:00 p.m. <br> CTRM:  7 <br><br> Trial Date:  None set. |

**PLEASE TAKE NOTICE** that on June 28, 2012, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 7, of the above-entitled court located at 501 I Street, Suite 4-200, Sacramento, California, Defendant Seterus, Inc. formerly known as IBM Lender Business Process Services Inc. ("Defendant" or "Seterus") will, and hereby does, move the Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), to dismiss Plaintiffs David Orozco and Emily Castillo's ("Plaintiffs")

1 Complaint on the grounds that the following cause of action therein fails to state a claim
2 upon which relief can be granted against Defendant Seterus:
3     1.    The third cause of action for violations of RESPA for failure to respond to
4           Qualified Written Requests.
5 This motion is being made following the conference of counsel pursuant to Local
6 Rule 7-3.

8 DATED:  May 14, 2012          THE RYAN FIRM
9                                          A Professional Corporation

11                                  By:   /S/ TIMOTHY M. RYAN
12                                     TIMOTHY M. RYAN
                                    SCOTT E. MEININGER
13                                     Attorneys for Defendant Seterus, Inc.,
                                    erroneously sued as Seterus, Inc.
14                                     formerly known as IBM Lender
                                    Business Process Services, Inc.

**THE RYAN FIRM**
A Professional Corporation

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs David Orozco and Emily Castillo ("Plaintiffs") have asserted a claim against Seterus, Inc. formerly known as IBM Lender Business Process Services, Inc. ("Seterus") for failure to respond to a Qualified Written Response ("QWR") (12 U.S.C § 2605(e)).  However, as will be shown herein, Plaintiffs' claim is self-defeating as the QWR admittedly does not relate to the servicing of the subject mortgage.  This is because the subject mortgage had already been closed upon receipt of the alleged QWR and, therefore, it is impossible that the QWR concerned issues related to the "servicing" of Plaintiffs' mortgage.

Further, even assuming that the QWR is related to the servicing of the subject mortgage, Plaintiffs' complaint is still fatally defective because the QWR admittedly does not comport with the requirements for a QWR under the Real Estate and Settlement Procedures Act ("RESPA").  Additionally, Plaintiffs fail to allege pecuniary harm.  For the foregoing reasons, discussed more extensively below, Seterus respectfully requests that the Court grant the Motion to Dismiss.

**2.    STANDARDS ON MOTION TO DISMISS**

A motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6), tests the legal sufficiency of the claims asserted in the complaint. *Chavez v. I.N.S.* (S.D. Cal. 1998) 17 F.Supp.2d 1141, 1143.  Typically, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *Clegg v. Cult Awareness Network* (9th Cir. 1994) 18 F.3d 752, 754.  The court may, however, consider exhibits submitted with the complaint and matters that may be judicially noticed. *Hal Roach Studios v. Richard Feiner & Co.* (9th Cir. 1989) 896 F.2d 1542, 1555, n. 19; *Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1198.

Thus, when evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich* (9th Cir. 1994) 13 F.3d 1370, 1374.  The court is not

required, however, to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg*, *supra*, 18 F.3d at 754 – 55.

The Court will dismiss a claim pursuant to Rule 12(b)(6) if the complaint, when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action. *Conley v. Gibson* (1957) 355 U.S. 41, 45 – 46. Further, dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.* (9th Cir. 1988) 901 F.2d 696, 699.

### 3. PLAINTIFFS' THIRD CAUSE OF ACTION FOR FAILURE TO RESPOND TO QUALIFIED WRITTEN REQUEST FAILS AS STATUTORY REQUIREMENTS HAVE NOT BEEN ESTABLISHED

#### A. Plaintiffs' Purported Demands Are Not a Valid Qualified Written Request (QWR) Within the Purview of RESPA

Plaintiffs allege that they have sent Seterus a QWR within the meaning of RESPA on or about December 15, 2011. Complaint, ¶ 30. Plaintiffs allege that the QWR requested "the identity of all parties with an interest in the Mortgage and an accounting of all payments and credits… The Qualified Written Request clearly stated that it was a "qualified written request" being made pursuant to RESPA and TILA." *Id.*[1] However, the facts as alleged are insufficient to support the legal conclusion that Plaintiffs submitted a QWR.

A QWR under RESPA pursuant to 12 U.S.C. § 2605(e) must include, among other things, "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error." U.S.C. § 2605(e)(1)(B; *Pettie v. Saxon Mortgage Services* (W.D.Wash. 2009) 2009 WL 1325947. Here, Plaintiffs fail to allege that they included in their QWR a statement of the reasons for their belief that the account is in error—instead,

---

[1] It is worth noting that Plaintiffs fail to attach the alleged QWR as an exhibit to the Complaint.

their letter is nothing more than a list of demands.  Therefore, because Plaintiffs' correspondence fails to meet the definition of a QWR, Defendant was under no obligation to provide the information requested.  The court, in *Gates v. Wachovia Mortg., FSB* explains:

> In this case, exhibit B fails to relay any servicing error. The purported QWR contains no statement of plaintiff's belief as to the existence of a servicing error, nor does it contain anything to put Wachovia on notice of a servicing error. Rather, the letter is primarily aimed at uncovering documents relating to the ownership of the obligation, as well as seeking rescission or modification by calling into question the validity of the loan. (Pl.'s Ex. B at 49 ("The loan being serviced is defective.").) However, neither an inquiry into the ownership of a loan, nor an allegation of defective loan documentation, are sufficient to transform an otherwise non-qualifying correspondence into a QWR. *See Hillery,* 658 F.Supp.2d 1002; *MorEquity,* 118 F.Supp.2d 885, 901. Moreover, while plaintiff's letter requests a "statement of all payments made on this loan," this request is similarly insufficient to meet the requirements of RESPA. A simple inquiry into payments made, without more, cannot be interpreted as either "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error," or, "provid[ing] sufficient detail to the servicer regarding other information sought by the borrower," as required by RESPA. 12 U.S.C. § 2605(e)(1)(B)(ii). In other words, an unadorned request for a statement of payments made toward a loan is not an allegation of a servicing error.
>
> Thus, plaintiff's correspondence fails to meet the requirement of section 2605 that a QWR put a loan servicer on notice of a servicing error. Because plaintiff's letter does not meet the requirements of a QWR, Wachovia was under no obligation to respond.

*Gates v. Wachovia Mortg., FSB*, (E.D.Cal. 2010), 2010 WL 2606511, *3–4.

Similarly, in the present case, Plaintiffs make no allegation that the QWR sent to Seterus contained any information detailing an error in the service of their loan. Instead, Plaintiffs merely request a multitude of documents, including the present owner of the mortgage loan. Complaint, ¶ 30. Unfortunately for Plaintiffs, 12 U.S.C. § 2605 does not contain a provision obligating Seterus, as servicer, to produce documents in response to a list of demands. Therefore, Plaintiffs' only cause of action against Seterus fails.

### B. Plaintiffs' Purported QWR Fails to Allege Any Servicing Errors

Even assuming that Plaintiffs' demands are a valid QWR (and not simply a letter with a list of demands), Seterus is still not obligated to respond because the purported QWR admittedly does not request any information relating to the actual servicing of the subject mortgage.

A loan servicer, such as Defendant Seterus, only has an obligation to respond to a QWR when the information requested relates to the actual servicing of the loan. *See Consumer Solutions REO, LLC v. Hillery* (N.D.Cal. 2009) 2009 WL 2711264, p.9 (QWR insufficient where it "simply disputed the validity of the loan and not its servicing (e.g., not whether [defendant servicer] had failed to credit her for payments [the plaintiff] made pursuant to the loan."); *Phillips v. Bank of Am. Corp.,* (N.D. Cal. 2010) 2010 U.S. Dist. LEXIS 35131 (finding defendant had no duty under RESPA to respond to plaintiff's "QWR" because it related to origination and modification of a loan, not its servicing). Indeed, "servicing" is very clearly defined in 12 U.S.C. § 2605:

> Servicing. The term "servicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 10 [12 USCS § 2609], and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

12 U.S.C. § 2605(i)(3).

Here, it is clear that the complained of conduct in Plaintiffs' purported QWR has no relation to the actual servicing of the loan. This is because there was *no loan* to be serviced. At multiple times throughout the Complaint Plaintiffs admit that the property was sold on or about June 7, 2011. Complaint, ¶¶ 21, 31. This was well before the purported QWR was admittedly sent in December of 2011. Complaint, ¶ 30. In fact, Plaintiffs admit that Seterus responded to the purported QWR confirming that the loan was closed on June 7, 2011. Complaint, ¶ 31. Plaintiffs' request does not related to servicing of the loan because "Under RESPA, the term "servicing" refers to receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." *Gates v. Wachovia Mortgage, FSB,* (E.D. Cal. 2010) 2010 U.S. Dist. LEXIS 64268, 9 (internal citations omitted). Plaintiffs do not allege any scheduled payments were misapplied or not credited or any other servicing errors encompassed in the definition set forth above. This is because the loan was indisputably closed. Instead, Plaintiffs seek information such as "all parties with an interest in the Mortgage…" Complaint, ¶ 30. This is not related to the servicing of the mortgage and Defendant Seterus is under no obligation to supply it. Accordingly, Plaintiffs' claim against Seterus for failure to respond to a purported QWR fails.

### C. Plaintiffs Fail to Plead Pecuniary Damages Caused by the Failure to Respond the Purported QWR

Event assuming, arguendo, that Plaintiffs have properly submitted a QWR, Plaintiffs have failed to satisfactorily plead the element of "actual damages," as required by the federal statute.

When a servicer fails to comply with its statutory duties, it may be liable to the borrower for actual damages suffered by the borrower as a result of the failure. 12 U.S.C. § 2605(f). This requires the plaintiff to allege that they suffered pecuniary loss resulting from a loan servicer's failure to respond to a QWR in order to state a claim. *Saldate v. Wilshire Credit Corp.* (E.D. Cal. 2010) 711 F.Supp.2d 1126, 1133 – 34.

Here, Plaintiffs entirely fail to plead *any* resulting damage, let alone pecuniary

THE RYAN FIRM
A Professional Corporation

damages.  Indeed, the entire third cause of action consists of only five short paragraphs.  As such, the claim fails to meet the required elements to maintain a cause of action for failure to respond to a QWR.  Accordingly, Seterus respectfully requests that the Court grant the Motion to Dismiss.

**4.  CONCLUSION**

Plaintiffs' sole cause of action against Seterus for failure to respond to a purported QWR fails because for multiple reasons.  As such, Seterus respectfully requests that the Court grant the Motion to Dismiss.

DATED:  May 14, 2012				THE RYAN FIRM
						A Professional Corporation


						By:	/S/ TIMOTHY M. RYAN
							TIMOTHY M. RYAN
							SCOTT E. MEININGER
							Attorneys for Defendant Seterus, Inc.,
							erroneously sued as Seterus, Inc.
							formerly known as IBM Lender
							Business Process Services, Inc.

R:\9231-0093 Orozco, et al. v. Experian Information Solutions, Inc., et al\LAW & MOTION\motion to dismiss.docx

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 1100 North Tustin Avenue, Suite 200, Anaheim, California 92807.

On May 14, 2012, I served the within document(s) described as: **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS DAVID OROZCO AND EMILY CASTILLO'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
| --- | --- | --- |
| Steburg Law Firm<br>Anita Steburg<br>1798 Technology Drive, Suite 258<br>San Jose, CA 95110 | Tel:  408-573-1122<br>Fax: 408-573-1126 | Attorney for Plaintiffs David Orozco and Emily Castillo |
| Rosen, Bien & Galvan, LLP<br>Blake Thompson<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104 | Tel:  415-433-6830<br>Fax: 415-433-7104 | Attorney for Defendant Transunion, LLC |

☒ **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Anaheim, California, in the ordinary course of business.

☒ **CM/ECF** (U.S. District Court, Eastern District of California, Local Civil Rule 5-135)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties who are not registered, if any, were served in the manner set forth above.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 14, 2012, at Anaheim, California.



JODY MCLAIN

**THE RYAN FIRM**
A Professional Corporation

Proof of Service