UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


DANIEL AND EMILY OROZCO,          No. 2:12-cv-00955-MCE-KJN

      Plaintiffs,

    v.                            MEMORANDUM AND ORDER

EXPERIAN INFORMATION SOLUTIONS,
et al.,

      Defendants.

----oo0oo----

Before the Court is Defendant Seterus Inc.'s ("Seterus")
Motion to Dismiss Plaintiffs' Complaint (ECF No. 12) ("MTD").[1]
For the reasons that follow, Seterus's Motion to Dismiss is
GRANTED with leave to amend.  Additionally, the Court sua sponte
DISMISSES, with leave to amend, Plaintiffs' claims against
Defendants Experian Information Systems, Inc. ("Experian"),
Equifax Information Services, LLC ("Equifax"), and Transunion,
LLC ("Transunion") for failure to state a claim.

---

[1] Because oral argument would not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
Cal. R. 230(g).

1

**BACKGROUND**[2]

Plaintiffs David and Emily Orozco allege that in May of 2007, IBM Lender Business Process Services, Inc., predecessor in interest to Seterus, made a mortgage loan secured by a deed of trust (hereinafter the "Mortgage") to them to purchase certain real property located at 3214 Hopland Street, West Sacramento, California. (Compl. ¶ 15.) Thereafter, Seterus serviced the Mortgage. (Id. ¶ 16.)

In May of 2011, Seterus approved a short sale for the Property through a settlement agreement. (Id. ¶ 19.) Plaintiffs state that Seterus accepted a discounted payoff of $218,503.65 from the sale of the property through the settlement agreement and, in June 2011, the sale of the property was completed. (Id. ¶¶ 20-21.)

Thereafter, Plaintiffs allege that all three of the major credit reporting agencies; Defendants Experian, Equifax and Transunion (collectively the "CRAs"), have included inaccurate information from Plaintiffs' former creditor, Seterus, regarding the Mortgage. (Id. ¶ 22.)

///

///

///

///

---

[2] The following facts are taken from Plaintiff's Complaint (ECF No. 1) ("Compl.") Page references will be to the Court's ECF pagination. For the purposes of this Motion, the Court accepts Plaintiff's facts as true and makes all inferences in the light most favorable to Plaintiff.

Specifically, Plaintiffs contend that: (1) the account reflects a foreclosure status when the property was not foreclosed upon; (2) the loan origination date is inaccurate; (3) the terms of the loan are inaccurate; and (4) the payment status is incorrect and reflects the account is past due. (Id. ¶ 23.)  Plaintiffs do not provide any details regarding any of these contentions.

On November 7, 2011, Plaintiffs allegedly sent letters to all three CRAs notifying them of the erroneous information regarding their former Mortgage and requesting the agencies verify and delete the erroneous information from their file. (Id. at ¶ 24-25.)  Plaintiffs state they also sent a letter to Seterus.  (Id. ¶ 26.)

On December 15, 2011, Plaintiffs state they sent a letter to Seterus requesting the identity of all parties with an interest in the Mortgage and an accounting of all payments and credits, among other information, in order to verify the information Seterus was reporting to the CRAs.  The letter stated that it was a "qualified written request" ("QWR") being made pursuant to the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA").  (Id. ¶ 30.)

On January 31, 2012, Seterus sent Plaintiffs a one-page letter confirming it received Plaintiffs' December 15, 2011, letter on January 10, 2012, to Plaintiff.  In that letter, Seterus confirmed that the loan was settled on June 7, 2011, and declined to provide any further information regarding the loan or to submit a change to the credit reporting agencies.

///

///

1  Plaintiffs assert that, at the time they filed their Complaint in
2  April 2012, they had not received any further response to their
3  letter from Seterus.[3]  (Id. ¶ 30.)

4       On April 12, 2012, Plaintiffs filed their Complaint in this
5  Court on the basis of federal question jurisdiction.  All
6  Defendants have been served.  Plaintiffs raise three causes of
7  action; the first two are directed at the CRA defendants and are
8  for (1) failure to establish or to follow reasonable procedures
9  to assure accuracy in the preparation of Plaintiffs' credit
10 report and credit files in violation of 15 U.S.C. § 1681e(b); and
11 (2) failing to conduct a reinvestigation and correct Plaintiffs'
12 credit files; failing to forward relevant information to the
13 Creditors; failing to maintain reasonable procedures with which
14 to filter and verify disputed information in Plaintiffs' credit
15 file; and by relying upon verification from a source each CRA has
16 reason to know is unreliable in violation of 15 U.S.C. § 1681i.
17 (See Compl. at 6-7.)  The third cause of action is directed at
18 Seterus and is for failure to timely respond to Plaintiffs'
19 purported QWR in violation of 12 U.S.C. § 2605.  (Id. at 7-8.)
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26
27        [3] The Court notes that Plaintiffs do not attach any exhibits
28 to their Complaint and do not quote any language from any of the
   correspondence that they are referring to here.

1    On May 14, 2012, Seterus filed the instant Motion to Dismiss

2  ("MTD").  In its Motion, Seterus argues that: (1) Plaintiffs have

3  not provided sufficient facts for the Court to determine that the

4  January 31, 2012, letter they allegedly sent was a QWR within the

5  meaning of RESPA; (2) even if it was a QWR, they had no

6  obligation to respond because the letter did not request any

7  information related to the servicing of the loan; and

8  (3) Plaintiffs have failed to properly plead "actual damages" as

9  required by 12 U.S.C. § 2605(f).  (ECF No. 12 at 4-8.)

10

11                    **STANDARD FOR 12(b)(6) MOTION TO DISMISS**

12

13    On a motion to dismiss for failure to state a claim under

14  Rule 12(b)(6), all allegations of material fact must be accepted

15  as true and construed in the light most favorable to the

16  nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

17  337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and

18  plain statement of the claim showing that the pleader is entitled

19  to relief" in order to "give the defendant fair notice of what

20  the. . . claim is and the grounds upon which it rests." <u>Bell</u>

21  <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 554-55 (2007) (internal

22  citations and quotations omitted).  Though "a complaint attacked

23  by a Rule 12(b)(6) motion to dismiss does not need detailed

24  factual allegations, a plaintiff's obligation to provide the

25  'grounds' of his 'entitlement to relief' requires more than

26  labels and conclusions, and a formulaic recitation of the

27  elements of a cause of action will not do." <u>Id.</u> at 555 (internal

28  citations and quotations omitted).

A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at 555, n.3 (internal citations omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009). If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Rule 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend is generally denied when it is clear the deficiencies of the complaint cannot be cured by amendment.

///

DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

**A.   Seterus's Motion to Dismiss**

   **1.   Qualified Written Request Under RESPA**

   Plaintiffs argue that the letter they sent Seterus on December 15, 2011, requesting the identity of all parties with an interest in the Mortgage and an accounting of all payments and credits was a QWR under RESPA and TILA.  (Compl. ¶ 30.)  Seterus responds that Plaintiffs have not fulfilled the statutory requirements to make their letter a QWR, and even if the Court concludes that the letter was a valid QWR, Seterus argues that Plaintiffs have failed to allege facts that would have required Seterus to respond.  (MTD at 4-9.)

   Under RESPA, servicers of federally related mortgage loans are required to abide by certain disclosure obligations.  See 12 U.S.C. § 2605(b).  Among these obligations is the duty to respond to a QWR submitted by a borrower.

///
///

See 12 U.S.C. § 2605(e).  A QWR is "(1) a written correspondence,
(2) that identifies the name and account of the borrower, and
(3) states the reasons why the borrower believes the account is
in error or provides sufficient detail to the servicer regarding
other information sought by the borrower."  Zhang v. Countrywide
Home Loans, 2012 WL 1245682, at *4 (N.D. Cal. Apr. 13, 2012)
(citing 12 U.S.C. § 2605(e)(1)(B)).  In addition, where a
defendant has failed to respond to a QWR, the plaintiff must
state a pecuniary loss from the defendant's failure.  See Saldate
v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1133-34 (E.D.
Cal. 2010) (noting that "a breach of RESPA duties alone does not
state a claim under RESPA. Plaintiffs must, at a minimum, also
allege that the breach resulted in actual damages" (quotation and
citation omitted)).  Furthermore, "A QWR must seek information
relating to the servicing of the loan; a request for loan
origination documents is not a QWR."  Esoimeme v. Wells Fargo
Bank, 2011 WL 3875881, at *13-14 (E.D. Cal. 2011) (citing cases).
Moreover, "there is no statutory basis for an accounting under
RESPA."  Id. (citing cases).

Here, Plaintiffs' claims fail to establish that the letter
they sent to Seterus was a valid QWR; simply labeling it as such
does not make it one.[4]  Specifically, Plaintiffs do not allege
that in their letter they stated a reason they believed their
account was in error, nor do they allege any damages from
Seterus's failure to respond.

---

[4] The Court notes that Plaintiffs have failed to attach any
of the relevant documents that might assist Seterus or the Court
in determining whether there is a basis for Plaintiffs' claim.

Furthermore, they request an accounting, which is also not provided for under RESPA.

Because it fails to sufficiently allege that the letter was a QWR under RESPA, Plaintiffs' claim against Seterus fails the pleading standards set forth under <u>Iqbal</u> and <u>Twombly</u>.  Seterus's Motion to Dismiss is therefore granted with leave to amend.

**B.     Failure to State a Claim Against Experian, Equifax and Transunion**

In addition to failing to state a claim against Seterus, the Court <u>sua</u> <u>sponte</u> dismisses, with leave to amend, Plaintiffs' causes of action against Defendants Experian, Equifax and Transunion for failure to state a claim.

Pursuant to Rule 12(b)(6), a court may dismiss a claim sua sponte for failure to state a claim when the plaintiff "cannot possibly win relief." <u>Omar v. Sea-Land Service, Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987) (citing <u>Wong v. Bell</u>, 642 F.2d 359, 361-62 (9th Cir. 1981)). A court may do so even when the defendant has not made a motion to dismiss. <u>Id.</u>; <u>Ricotta v. State of California</u>, 4 F. Supp. 2d 961, 968 (S.D. Cal.1998), aff'd. 173 F.3d 861 (9th Cir. 1999).

Plaintiffs' first cause of action alleges (1) failure to establish or to follow reasonable procedures to assure accuracy in the preparation of Plaintiffs' credit report and credit files in violation of 15 U.S.C. § 1681e(b).  (Compl. at 6-7.)

///

///

1  However, Plaintiffs have not alleged sufficient facts to support
2  such a claim.  Plaintiffs have failed to provide sufficient
3  details about the details of the specific issues they dispute,
4  their communications with the CRAs, and why there is any reason
5  to believe that the CRAs did not establish or follow reasonable
6  procedures to assure the accuracy of the information, for either
7  the CRAs or the Court to understand the nature of their claim.
8  Furthermore, Plaintiffs' First Cause of Action simply recites the
9  elements of a cause of action under 15 U.S.C. § 1681e(b) in a
10  conclusory fashion without explaining how the facts alleged
11  support the cause of action.  This fails Rule 8(a)'s pleading
12  standard.  See Twombly, 550 U.S. at 555 ("a formulaic recitation
13  of the elements of a cause of action will not do").

14      Similarly, Plaintiffs' Second Cause of Action against the
15  CRAs alleges a violation of 15 U.S.C. § 1681i.  (Compl. at 7.)
16  Specifically, Plaintiffs bring action against the CRAs for
17  failing to conduct a reinvestigation and correct Plaintiffs'
18  credit files; failing to forward relevant information to the
19  Creditors; failing to maintain reasonable procedures with which
20  to filter and verify disputed information in Plaintiffs' credit
21  file; and by relying upon verification from a source each CRA has
22  reason know is unreliable.  (Id.)  None of these claims are
23  supported by the facts alleged in their Complaint.

24  ///
25  ///
26  ///
27  ///
28  ///

1  Specifically, Plaintiffs do not allege facts that support the
2  conclusion that the CRAs failed to (1) reinvestigate; (2) forward
3  relevant information to the Creditors; (3) maintain reasonable
4  procedures with which to filter and verify disputed information
5  in Plaintiffs' credit file; or that (4) exercise care by relying
6  upon verification from a source each CRA has reason to know is
7  unreliable.  These are simply bare conclusory allegations and, as
8  such, are insufficient to put either the CRAs, or the Court, on
9  notice of Plaintiffs' claims.[5]  Because "plaintiffs . . . have
10 not nudged their claims across the line from conceivable to
11 plausible, their complaint must be dismissed." Twombly, 550 U.S.
12 at 570; Iqbal, 556 U.S. at 680.

13

14                              **CONCLUSION**

15     As a matter of law, and for the reasons set forth above,
16 Seterus's Motion to Dismiss is GRANTED with leave to amend.  In
17 addition, the Court sua sponte DISMISSES, with leave to amend,
18 Plaintiffs' claims against Defendants Experian, Equifax and
19 Transunion for failure to state a claim.  Plaintiffs shall file
20 an amended complaint within twenty (20) days of service of this
21 Order.

22     IT IS SO ORDERED.

23

24

25

26
27     [5] The Court again notes that Plaintiffs have failed to
   attach any of the relevant documents that might assist either the
   CRAs or the Court in determining whether there is a basis for
28 Plaintiffs' claims against the CRAs.

                                  11

Dated: July 6, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE