1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID OROZCO and EMILY                    No.  2:12-cv-00955-MCE-KJN
     CASTILLO,
12
              Plaintiffs,
13                                              **MEMORANDUM AND ORDER**

        v.
14
     EXPERIAN INFORMATIN
15   SOLUTIONS, et al.,

16              Defendants.

17

18        Before the Court is Defendant Seterus Inc.'s ("Seterus") Motion to Dismiss

19   Plaintiffs' First Amended Complaint (ECF No. 48) ("MTD").[1]  For the reasons that follow,

20   Seterus's Motion to Dismiss is GRANTED without leave to amend.  Additionally, the

21   Court sua sponte DISMISSES, without leave to amend, Plaintiffs' claims against

22   Defendant Equifax Information Services, LLC[2] for failure to state a claim.

23   _____

24        [1] Because oral argument would not be of material assistance, the Court ordered this matter
     submitted on the briefing.  E.D. Cal. R. 230(g).

25        [2] Plaintiff's First Amended Complaint names Seterus and three credit reporting agencies -
     Experian Information Solutions, Inc. ("Experian"), Transunion, LLC ("Transunion"), and Equifax Information
26   Services, LLC ("Equifax") - as Defendants in this litigation.  (ECF No. 46.)  However, pursuant to the
     parties' stipulation, the Court has dismissed all of Plaintiffs' claims against Defendants Experian and
27   Transunion.  (ECF Nos. 54, 57, 59, 61.)  Presently, only Defendants Seterus and Equifax remain in this
     action.
28

                                                1

1

**BACKGROUND[3]**

2

3        Plaintiffs David and Emily Orozco allege that, in May of 2007, IBM Lender

4   Business Process Services, Inc., predecessor in interest to Seterus, made a mortgage

5   loan secured by a deed of trust (hereinafter the "Mortgage") to them to purchase certain

6   real property located at 3214 Hopland Street, West Sacramento, California ("Property").

7   (FAC ¶ 15.)  Thereafter, Seterus serviced the Mortgage.  (Id. ¶ 16.)

8        In May of 2011, Seterus approved a short sale for the Property through a

9   settlement agreement.  (Id. ¶ 19.)  Plaintiffs state that Seterus accepted a discounted

10  payoff of $218,503.65 from the sale of the Property through the settlement agreement

11  and, in June 2011, the sale of the property was completed.  (Id. ¶¶ 20-21.)

12        Thereafter, Defendant Equifax, a credit reporting agency, included allegedly

13  inaccurate information from Plaintiffs' former creditor, Seterus, regarding the Mortgage.

14  (Id. ¶ 22.)  Specifically, Plaintiffs contend that: (1) Equifax account reflects a foreclosure

15  status when the property was not foreclosed upon; (2) the loan origination date is

16  inaccurate; (3) the terms of the loan are inaccurate; and (4) the payment status is

17  incorrect and reflects the account is past due.  (Id. ¶ 23.)

18        On November 7, 2011, Plaintiffs allegedly sent a letter to Equifax notifying it of the

19  erroneous information regarding their former Mortgage and requesting the agency verify

20  and delete the erroneous information from Plaintiffs' credit file.  (Id. at ¶ 24-25.)  Plaintiffs

21  state they also sent a letter to Seterus.  (Id. ¶ 26.)  Subsequently, Equifax reported to

22  Plaintiffs that the information contained in the credit report was verified by Seterus as

23  accurate.  (Id. ¶ 27.)  However, since the allegedly inaccurate information remained in

24  Plaintiffs' credit report, Plaintiffs believe that Equifax either had not requested Seterus to

25  verify the information or failed to correct the erroneous information.  (Id. ¶ 28-32.)

26

27        [3] The following facts are taken from Plaintiffs' First Amended Complaint ("FAC") (ECF No. 46.)
Page references will be to the Court's ECF pagination.  For the purposes of this Motion, the Court accepts
28  Plaintiffs' facts as true and makes all inferences in the light most favorable to Plaintiffs.

1   On December 15, 2011, Plaintiffs allegedly sent a letter to Seterus requesting the

2   identity of all parties with an interest in the Mortgage and an accounting of all payments

3   and credits, among other information, in order to verify the information Seterus was

4   reporting to the CRAs.  (Id. ¶ 33.)   The letter stated that it was a "Qualified Written

5   Request" ("QWR") being made pursuant to the Real Estate Settlement Procedures Act

6   ("RESPA") and the Truth in Lending Act ("TILA").  (Id.)  On January 31, 2012, Seterus

7   sent Plaintiffs a one-page letter confirming it had received Plaintiffs' December 15, 2011,

8   letter on January 10, 2012.  (Id. ¶ 34.)  In that letter, Seterus confirmed that the loan was

9   settled on June 7, 2011, and declined to provide any further information regarding the

10   loan or to submit a change to the credit reporting agencies.  (Id.)

11   According to Plaintiffs, as a result of Seterus's failure to respond to the QWR and

12   Equifax's failure to correct errors in Plaintiffs' credit reports, Plaintiffs incurred "attorney's

13   fees and costs, actual and compensatory damages, the loss of ability to purchase and

14   benefit from credit . . . , the mental and emotional pain and anguish and the humiliation

15   and embarrassment of credit denials."  (Id. ¶ 36.)

16   On April 12, 2012, Plaintiffs filed their original Complaint in this Court against

17   Seterus and three credit reporting agencies - Equifax, Experian and Transunion -

18   alleging violations of the Federal Fair Credit Reporting Act ("FCRA"), TILA and RESPA.

19   (ECF No. 1.)  Subsequently, Seterus filed a Motion to Dismiss Plaintiffs' Complaint for

20   failure to state a claim.  (ECF No. 12.)  By its Order, dated July 9, 2012, the Court

21   granted Seterus's motion and also sua sponte dismissed Plaintiffs' claims against the

22   credit reporting agencies for failure to state a claim under Rule 12(b)(6).  (ECF No. 44.)

23   On July 30, 2012, Plaintiffs filed their operative First Amended Complaint

24   asserting the following causes of action: (1) Failure to establish proper procedures in

25   violation of FCRA against the credit reporting agencies; (2) Failure to reinvestigate in

26   violation of FCRA against the credit reporting agencies; (3) Failure to respond to QWR in

27   violation of REPSA against Seterus; and (4) Failure to investigate in violation of TILA

28   against Seterus.  (ECF No. 46.)

1    Subsequently, Plaintiffs stipulated to dismissal of Defendants Experian and Transunion

2    from this action with prejudice.  (ECF Nos. 54, 57, 59, 61.)

3

4                                    **LEGAL STANDARD**

5

6          On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

7    allegations of material fact must be accepted as true and construed in the light most

8    favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38

9    (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim

10   showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

11   what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly,

12   550 U.S. 544, 554-55 (2007) (internal citations and quotations omitted).  Though "a

13   complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

14   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

15   requires more than labels and conclusions, and a formulaic recitation of the elements of

16   a cause of action will not do."  Id. at 555 (internal citations and quotations omitted).

17         A plaintiff's factual allegations must be enough to raise a right to relief above the

18   speculative level.  Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure

19   § 1216, at 235-36 (3d ed. 2004) ("The pleading must contain something more . . . than . .

20   . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

21   action")).

22         Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion

23   of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see

24   how a claimant could satisfy the requirements of providing not only 'fair notice' of the

25   nature of the claim, but also 'grounds' on which the claim rests."  Twombly, 550 U.S. at

26   555, n.3 (internal citations omitted).  A pleading must contain "only enough facts to state

27   a claim to relief that is plausible on its face."  Id. at 570; see also Ashcroft v. Iqbal,

28   556 U.S. 662, 677-679 (2009).

                                             4

1   If the "plaintiffs . . . have not nudged their claims across the line from conceivable to

2   plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570; Iqbal,

3   556 U.S. at 680.

4        A court granting a motion to dismiss a complaint must then decide whether to

5   grant leave to amend.  Rule 15(a) empowers the court to freely grant leave to amend

6   when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . .

7   undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the

8   amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).  However, leave to amend

9   is generally denied when it is clear the deficiencies of the complaint cannot be cured by

10  amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992);

11  Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should

12  not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff

13  can prove no set of facts in support of his claim which would entitle him to relief.")

14  (internal citations omitted).

15

16                                  **ANALYSIS**

17

18        Plaintiffs assert two causes of action against Defendant Seterus: (1) Failure to

19  Respond to QRW in violation of 12 U.S.C. § 2605(e) (third claim for relief), and

20  (2) Failure to Investigate in violation of 15 U.S.C. § 1681s-2(b)(1)(A)-(E) (fourth claim for

21  relief.  (FAC ¶¶ 47-56.)  The Court will analyze these causes of action first and then will

22  proceed to consider whether Plaintiffs' first and second causes of action against

23  Defendant Equifax state a viable claim for relief.

24  ///

25  ///

26  ///

27  ///

28  ///

**A.     Plaintiffs' Third Cause of Action: Failure to Respond to QWR in violation of 12 U.S.C. § 2605(e)**

In its Motion, Seterus argues that Plaintiffs' third cause of action alleging Seterus's failure to respond to QWR in violation of REPSA fails because: (1) Plaintiffs' January 31, 2012, letter does not qualify as QWR under RESPA; (2) the purported QWR does not relate to servicing; and (3) Plaintiffs failed to allege pecuniary loss as required by 12 U.S.C. § 2605(f).  (Mot. to Dismiss ("MTD"), ECF No. 48, at 3-5.)

Under RESPA, servicers of federally related mortgage loans are required to abide by certain disclosure obligations.  See 12 U.S.C. § 2605.  Among these obligations is the duty to respond to a QWR submitted by a borrower.  See 12 U.S.C. § 2605(e).  A QWR is (1) a written correspondence, (2) that identifies the name and account of the borrower, and (3) states the reasons why the borrower believes the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B).  A servicer must acknowledge receipt of a QWR within twenty days of receiving it, and must provide to the borrower within sixty days of receiving the QWR a written explanation of the reasons why the account is or is not in error. 12 U.S.C. §§ 2605(e)(1)(A), 2605(e)(2).  A servicer is required to respond to a QWR only to the extent that it concerns "information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A).  Servicing is defined as "receiving any scheduled periodic payments from a borrower . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." 12 U.S.C. § 2605(i)(3).

Here, viewed in the light most favorable to Plaintiffs, their letter to Seterus, attached to FAC as Exhibit A, constitutes a Qualified Written Request.  While Seterus is correct in that the letter does not contain a clear statement of the reasons for Plaintiffs' belief that the account is in error, the letter does provide sufficient detail regarding "other information" requested by Plaintiffs.  See 12 U.S.C. § 2605(e)(1)(B).

6

1  In particular, Plaintiffs' letter requested information about charges and credits applicable

2  to their loan, pool servicing agreements, a copy of internal procedures for dealing with

3  misapplied or lost payments, unfavorable credit reporting to third-party reporting

4  agencies, etc.  (FAC, Ex. A.)  Plaintiffs' request for information pertaining to the accuracy

5  of the fees and charges on the loan or the servicing of their loan is sufficient to constitute

6  a QWR.  See Anokhin v. BAC Home Loan Servicing, LP, 2010 WL 3294367, at *3 (E.D.

7  Cal. Aug. 20, 2010) ("[T]he letter submitted to Defendants constitutes a QWR as it

8  requests information regarding fees charged to her account.); Garcia v. Wachovia Mortg.

9  Corp., 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009) (concluding that a document sent by

10 borrower to lender was a QWR, even though it did not contain a statement of reasons for

11 borrower's belief that the account was in error, when the document provided sufficient

12 detail regarding "other information" sought by borrower).

13        Although FAC has cured the original complaint's defect with respect to

14 establishing whether Plaintiffs' letter to Seterus was a QWR, FAC's third claim for relief

15 still fails to adequately plead actual damages under RESPA.  Pursuant to RESPA,

16 "[w]hoever fails to comply with this section shall be liable to the borrower . . . [for] any

17 actual damages to the borrower as a result of the failure . . . ."  12 U.S.C. § 2605(f)(1)(A)

18 (emphasis added).  Thus, to state a claim under RESPA's section 2605(e) for

19 defendant's failure to respond to a QWR, Plaintiffs must state a pecuniary loss from the

20 defendant's failure.  See Saldate v. Wilshire Credit Corp., 711 F. Supp. 2d 1126,

21 1133-34 (E.D. Cal. 2010) ("[A] breach of RESPA duties alone does not state a claim

22 under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in

23 actual damages.") (citation omitted); see also Knockum v. BAC Home Loans Serv., L.P.,

24 2012 WL 3730755, at * 5 (E.D. Cal. Aug. 27, 2012) ("At the pleading stage, the plaintiff

25 must include a demonstration of some actual pecuniary loss and a causal relationship

26 between the alleged damages and the RESPA violation.") (citation omitted).

27 ///

28 ///

1    Plaintiffs' FAC alleges that, as a result of Seterus's failure to respond to the QWR,

2  they incurred "attorney's fees and costs," "the loss of ability to purchase and benefit from

3  credit due to the erroneous items reported on the credit report," "the mental and

4  emotional pain and anguish and the humiliation and embarrassment of credit denials."

5  (FAC ¶ 36.)  First, attorney's fees and costs incurred by Plaintiffs do not qualify as actual

6  damages for RESPA purposes.  See Durland v. Fieldstone Mortg. Co., 2011 WL

7  805924, at *4 (S.D. Cal. March 1, 2011) (concluding that plaintiff's "allegation that he

8  incurred legal costs" is insufficient to plead actual damages under RESPA); Lal v. Am.

9  Home Serv., Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("Nor does simply having

10  to file suit suffice as a harm warranting actual damages.  If such were the case, every

11  RESPA suit would inherently have a claim for damages built in.").  Further, "without

12  more, allegations of fees assessed, negative credit reporting, and emotional distress are

13  insufficient to state a claim" for failure to respond to a QWR under RESPA.  Durland,

14  2011 WL 805924, at *3; see also Anokhin, 2010 WL 3294367, at *3 ("Plaintiff's

15  conclusory statement that she suffered negative credit ratings does not itself establish

16  actual damages.").  Finally, Plaintiffs have failed to demonstrate that their damages "flow

17  from the failure of the servicer to provide the information sought . . . through the QWR."

18  See Anokhin, 2010 WL 3294367, at *3.

19    Because Plaintiffs' failure to plead pecuniary damages caused by the alleged

20  RESPA violation is "fatal" to their third cause of action, see Saldate, 711 F. Supp. 2d at

21  1134, the Court grants Seterus's motion to dismiss Plaintiffs' third claim for relief.

22

23    **B.    Plaintiffs' Fourth Cause of Action: Failure to Investigate Pursuant to**

24    **15 U.S.C. § 1681s-2(b)(1)(A)-(E)**

25    In their fourth claim for relief, Plaintiffs allege that Seterus violated the Fair Credit

26  Reporting Act ("FCRA"), 15 U.S.C. § 1681s–2(b), by failing to conduct an adequate

27  investigation upon receiving notice of the dispute from the credit reporting agencies

28  defendants.  (FAC ¶ 53.)

1  In its Motion to Dismiss, Seterus contends that Plaintiffs' claim should be dismissed for

2  failure to state a claim because the claim is "devoid of any factual allegations as to

3  Defendant's failure to perform its statutory duty under the FCRA."  (MTD at 7-8.)

4      The FCRA requires consumer reporting agencies to "adopt reasonable

5  procedures for meeting the needs of commerce for consumer credit."  15 U.S.C.

6  § 1681(b).  Section 1681s–2 states that companies shall not furnish information about a

7  consumer to a credit reporting agency if they have reason to know, or do know, that the

8  information is inaccurate.  15 U.S.C. § 1681s–2(a).  Moreover, a furnisher of information

9  shall conduct an investigation with respect to the disputed information after receiving

10  notice of a dispute with regard to the completeness of accuracy of information provided

11  to a consumer reporting agency.  15 U.S.C. § 1681s–2(b).  An investigation under the

12  FCRA must be reasonable in light of the notice provided.  Gorman v. Wolpoff &

13  Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009).  "An investigation is not

14  necessarily unreasonable because it results in a substantive conclusion unfavorable to

15  the consumer, even if that conclusion turns out to be inaccurate."  Id. at 1161

16      A private right of action exists for negligent or willful noncompliance with section

17  1681s-2(b) of the FCRA.  See 15 U.S.C. §§ 1681n, 1681o; El-Aheidab v. Citybank

18  (S.D.), N.A., 2012 WL 506473, at *5 (N.D. Cal. Feb. 15, 2012).  In order to state a claim

19  under section 1681 s–2(b), Plaintiffs must allege that: (1) an agency notified the

20  furnisher about disputed information; (2) the furnisher failed to perform its statutory

21  duties; and (3) the plaintiff was injured as a result of that failure.  Reagan v. Am. Home

22  Mrtg. Serv. Inc., 2011 WL 2149100, at *2 (N.D. Cal. May 31, 2011).

23      Here, Plaintiffs' allegation that Seterus failed to conduct an investigation under the

24  FCRA amounts to nothing more than a restatement of the statutory language of section

25  1681s-2(b).  It appears that Plaintiffs' entire theory of liability under this claim rests

26  exclusively on their dissatisfaction that the disputed information remains on their credit

27  report.  Additionally, the FAC is devoid of any facts demonstrating that Equifax's alleged

28  FRCA violation was either negligent or willful.

9

1  Because Plaintiffs' legal conclusions "couched as a factual allegation" are plainly

2  insufficient to state a plausible claim for relief, see Iqbal, 556 U.S. at 678, the Court

3  grants Seterus's motion to dismiss Plaintiffs' fourth cause of action for failure to state a

4  claim.

5

6  ## C.  Plaintiffs' First and Second Causes of Action against Equifax

7

8  In addition to finding that Seterus failed to state a claim against Seterus, the Court

9  dismisses sua sponte Plaintiffs' first and second causes of action against Equifax.

10  Pursuant to Rule 12(b)(6), a court may dismiss a claim sua sponte for failure to state a

11  claim when the plaintiff "cannot possibly win relief."  Omar v. Sea–Land Service, Inc.,

12  813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642 F.2d 359, 361–62 (9th Cir.

13  1981)).

14  Plaintiffs' first cause of action alleges that Equifax failed to establish or to follow

15  reasonable procedures to assure accuracy in the preparation of Plaintiffs' credit report

16  and credit files in violation of 15 U.S.C. § 1681e(b).[4]  (FAC ¶ 38.)  By its previous Order,

17  the Court dismissed this cause of action because Plaintiffs "ha[d] not alleged sufficient

18  details [regarding] the specific issues they dispute, their communications with [the credit

19  reporting agencies], and why there is any reason to believe that [the credit reporting

20  agencies] did not establish or follow reasonable procedures to assure the accuracy of

21  the information."  (ECF No. 44, at 10.)  Plaintiffs have failed to cure the deficiencies

22  highlighted by the Court's prior Order.  Their FAC repeats, nearly word-for-word, the

23  allegations in the original Complaint which this Court has already found to be insufficient

24  to state a viable claim.

25  ///

26  ///

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
   [4] Section 1681(e) provides: "Whenever a consumer reporting agency prepares a consumer report
28  it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning
   the individual about whom the report relates."

1    Plaintiffs' first cause of action in the FAC again recites the elements of a claim under

2    15 U.S.C. § 1681e(b) without explaining how the facts alleged support their cause of

3    action, thus making it impossible for either Equifax or the Court to understand the nature

4    of Plaintiffs' claim.   Therefore, Plaintiffs' first cause of action fails to state a claim and is

5    subject to dismissal.  See Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the

6    elements of a cause of action will not do.").

7            Plaintiffs' second cause of action against Equifax alleges "failure to reinvestigate"

8    in violation of 15 U.S.C. § 1681i.  (FAC ¶¶ 43.)  Specifically, Plaintiffs allege that Equifax

9    failed to conduct a reinvestigation and correct Plaintiffs' credit files; failed to forward

10   relevant information to Plaintiffs' creditors; failed to maintain reasonable procedures with

11   which to filter and verify disputed information in Plaintiffs' credit file; and wrongfully and

12   knowingly relied upon verification from an unreliable source.  (Id.)  The Court previously

13   dismissed Plaintiffs' second cause of action explaining that none of Plaintiffs' allegations

14   were supported by the facts alleged in the Complaint.  (ECF No. 44, at 10.)  Plaintiffs'

15   FAC remains deficient and again contains bare conclusory allegations insufficient to put

16   either Equifax or the Court on notice of the nature of Plaintiffs' claim.  Because Plaintiffs

17   "have not nudged their claims across the line from conceivable to plausible, their

18   complaint must be dismissed."  See Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680.

19

20                                   **CONCLUSION**

21

22          As a matter of law, and for the reasons set forth above, Seterus's' Motion to

23   Dismiss is GRANTED.  In addition, the Court sua sponte dismisses Plaintiffs' claims

24   against Defendant Equifax Information Services, LLC, for failure to state a claim.  The

25   Court previously provided Plaintiffs with the opportunity to rectify the deficiencies of their

26   complaint.  However, Plaintiffs' First Amended Complaint fairs no better than their earlier

27   pleading and fails to remedy the numerous deficiencies previously highlighted by the

28   Court.

1   Therefore, the Court finds that any further leave to amend would be futile and

2   DISMISSES Plaintiffs' First Amended Complaint in its entirety WITHOUT LEAVE TO

3   AMEND.

4         The Clerk of the Court is directed to close the file.

5         IT IS SO ORDERED.

6   Dated:  December 21, 2012

7

8   _____
    MORRISON C. ENGLAND, JR
    CHIEF JUDGE, UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28